```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK            FOR ONLINE PUBLICATION ONLY
```

---------------------------------------------------------------- X
RAUL SOTO RIVAS,                                :
                                                :
                        Plaintiff,              :
                                                :         MEMORANDUM
        - against -                             :         AND ORDER
                                                :
JO ANNE BARNHART,                               :         05 CV 3001
COMMISSIONER OF SOCIAL SECURITY,                :
                                                :
                        Defendants.             :
---------------------------------------------------------------- X

A P P E A R A N C E S :

    RAUL SOTO RIVAS
        86-12 75th Street
        First Floor
        Woodhaven, New York 11421
        Plaintiff *Pro Se*

    ROSLYNN MAUSKOPF
        United States Attorney
        Eastern District of New York
    By:   Keisha-Ann Gray
        Assistant United States Attorney
        Attorney for Defendant

JOHN GLEESON, United States District Judge:

        Raul Soto Rivas brought this action seeking review of the Commissioner of Social Security's denial of his claim for disability benefits. The Commissioner moved for judgment on the pleadings, and although Rivas has not opposed that motion in writing, he did so orally, through an interpreter, at argument on May 5, 2006, contending that the decision of the Administrative Law Judge ("ALJ") was a "misinterpretation" and that since 2001 he has not been well. Rivas, however, has not pointed out any specific legal deficiency in the Commissioner's

decision, and I can find none.

My review is limited to whether the ALJ's decision that Rivas is not entitled to disability benefits is supported by substantial evidence in the record. 42 U.S.C. § 405(g); *Berry v. Schweiker*, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam). Rivas is entitled to benefits only if, "by reason of [a] medically determined physical or mental impairment which ... has lasted ... for a continuous period of not less than 12 months," 42 U.S.C. § 423(d)(1)(A), "he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy ...." *Id*. at § 423(d)(2)(A).

After considering the relevant medical evidence in the record, as well the plaintiff's testimony, the ALJ concluded that although Rivas' impairments prevented him from performing his past relevant work, he retained the residual functional capacity to perform light work, which exists in significant numbers in the national economy. The ALJ based that decision chiefly upon the fact that no physician offered any finding or opinion reflecting that Rivas was disabled. The ALJ also concluded that Rivas' daily activities did not substantiate his complaint of totally disabling symptoms. The ALJ, who had the benefit of viewing Rivas' testimony in person, was well within her discretion not to credit his testimony entirely.

I conclude the ALJ's decision was supported by substantial evidence in the record, and, accordingly, the Commissioner's motion for judgment on the pleadings is granted. The Clerk is respectfully directed to close the case.

I also remind Rivas of what he was told at oral argument: this decision relates only to the period ending September 20, 2002. To the extent he claims to have been disabled after that date, he may file a new claim for benefits with the Social Security Administration.

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
May 10, 2006